# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

TRAVIS McGHEE,

    Plaintiff,

v.                                        Case No. 5:19-cv-408-TKW/MJF

WARDEN, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order dated July 13, 2020. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to comply with two court orders and failure to prosecute.[1]

### I.    Background

Plaintiff commenced this action pursuant to *Bivens v. Six Unknown Named Agents of the Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 1). At the time he commenced this action, he was an inmate in the custody of the Federal Bureau of Prisons (BOP). The undersigned reviewed Plaintiff's complaint and determined that

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

the complaint was deficient. Accordingly, the undersigned directed Plaintiff to file an amended complaint or a notice of voluntary dismissal. (Doc. 10).

On April 6, 2020, Plaintiff filed an amended complaint. (Doc. 16). On June 17, 2020, the undersigned issued two orders. The first order directed Plaintiff to submit service copies of his complaint and imposed a deadline of July 17, 2020, to comply. (Doc. 19). The second order directed the clerk of the court to issue a notice to all attorneys registered with the court's electronic filing system of a *pro bono* opportunity to represent Plaintiff in this matter. (Doc. 20). On July 6, 2020, the clerk of the court noted that both of these orders were returned as "undeliverable" and that the BOP's inmate locator website indicated that Plaintiff was released from custody on May 27, 2020. (Doc. 21). The BOP inmate locator website does not provide an address for Plaintiff, and Plaintiff did not provide this court with his current mailing address.

On July 13, 2020, the undersigned issued an order directing Plaintiff to clarify whether he is still interested in prosecuting this case. (Doc. 22). The undersigned directed Plaintiff, by July 27, 2020, to file a notice indicating his intent to pursue his claims and a notice of a change of address. (*Id.* at 2). The undersigned warned Plaintiff that the failure to comply likely would result in dismissal of this action. (*Id.*). On July 27, 2020, this order was returned "undeliverable." (Doc. 23). Plaintiff has not filed a notice indicating his intent to pursue his claim. He also has failed to provide this court a current mailing address.

## II. Discussion

The undersigned recommends that Plaintiff's complaint be dismissed in light of Plaintiff's failure to comply with two court orders and his failure to prosecute.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that

the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1)** **The duration of Plaintiff's failure to comply.** On June 17, 2020, the undersigned directed Plaintiff to provide service copies of his complaint. The undersigned imposed a deadline of July 17, 2020, to comply. Thus, Plaintiff has failed to comply with that order since July 17, 2020.

**(2)** **Plaintiff's failure to comply with two court orders.** Plaintiff has failed to comply with two court orders:

    a.    the order issued on June 17, 2020; and

    b.    the order issued on July 13, 2020.

**(3)** **Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned warned Plaintiff that a failure to comply with the respective orders likely would result in dismissal. (Doc. 22). Despite this warning, Plaintiff has not complied with the undersigned's orders. Additionally, in the "Notice" provided to all *pro se* litigants by the clerk of this court, litigants are advised to update their mailing address so that they can receive court orders. This notice warns litigants that the failure to update their address could result in dismissal of the case. Thus, Plaintiff's failure to provide this court with his most current mailing address is

no excuse for his failure to comply with the court's orders. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (noting that a plaintiff's "failure to receive the court's prior order, and his failure to comply with that order was 'entirely' his own fault" because he failed to keep the court apprised of his current address).

**(4)   Plaintiff may suffer prejudice from the dismissal.** Here, the statute of limitations may bar the re-filing of a complaint. Generally, the statute of limitations for a *Bivens* action is the same as the forum state's statute of limitations for personal injury. *Rager v. Augustine*, 760 F. App'x 947, 950 (11th Cir. 2019) (citing *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998)). The "statute of limitations for filing a *Bivens* action in a federal district court sitting in Florida is four years." *Id.*

Plaintiff alleges that the conduct giving rise to Plaintiff's claim occurred in Marianna, Florida, from early 2014 through 2016. (Doc. 16 at 8). Plaintiff asserts that in late 2015 or early 2016, he was diagnosed with Sarcoidosis because of his work in a UNICOR plant at FCI Marianna. (*Id.* at 10-11). In Spring 2018, Plaintiff was advised that he had "end-stage lung disease" and needed a lung transplant because of the Sarcoidosis. (*Id.* at 8). Therefore, even though the undersigned recommends dismissal of this action without prejudice, Plaintiff may be subject to a statute of limitation defense if he chooses to refile this action.

**(5)   The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.**

Plaintiff has been afforded an opportunity to be heard and has received due process consistent with the primary stage of his civil action. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining pending and inactive. Furthermore, Plaintiff's failure to provide this court with an address upon release from custody indicates that Plaintiff has chosen to abandon the prosecution of this case.

**(6)    The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7)    The fact that any lesser sanction would be inefficacious.** Because Plaintiff has failed to provide this court with a current mailing address, it is likely that Plaintiff would not receive future court orders to comply. Therefore, it is likely that Plaintiff would not comply with any additional court orders. Insofar as Plaintiff is proceeding *in forma pauperis*, it is unlikely that the imposition of a fine would

motivate Plaintiff. Accordingly, dismissal without prejudice is an appropriate sanction to address the important objectives and interest of justice discussed above.

### III.   Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to comply with the court's orders and failure to prosecute.

2. The clerk of the court be directed to close the case file.

At Panama City Beach, Florida, this 12th day of August, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.